# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **STEVEN KEITH WILSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:19-cv-00090-O-BP |
| | § | |
| **ANDREW M. SAUL,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was automatically referred to the undersigned pursuant to Special Order No. 3 on July 29, 2019. ECF No. 5. Before the Court is Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act filed on April 10, 2020. ECF No. 19. Noting that the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 19).

The Court finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $193.00 per hour for services performed in 2019 and 2020. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 33.40 hours of service performed in 2019 and 2020. As reflected in the Motion, Defendant does not oppose either this hourly rate or the number of hours Plaintiff claims for compensation. *See* ECF No. 19 at 2, 4.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff, Steven Keith Wilson, in care of David F. Chermol, an attorney, Chermol & Fishman LLC, 11450 Bustleton Ave., Philadelphia, PA 19116, attorney fees under the Equal Access to

Justice Act for 33.40 hours of service performed in 2019 and 2020 at a rate of $193.00 per hour for a total of $6,446.20.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Signed** August 19, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE